57 F.3d 1084
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Segunda Q. FUERTES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3222.
 United States Court of Appeals, Federal Circuit.
 June 16, 1995.
 
 Before NIES, LOURIE and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Segunda Q. Fuertes seeks review of the December 12, 1994 decision of the Merit Systems Protection Board (Board), Docket No. SE0831940591-I-1, which affirmed the September 27, 1994 initial decision of the Board dismissing Fuertes's appeal for lack of jurisdiction. We affirm.
 
 
 2
 Fuertes, who receives a survivor annuity based on her late husband's federal employment, sent a letter to the Board on July 5, 1994, seeking an additional survivor benefit payment on behalf of her mentally retarded son. The Board docketed Fuertes's letter as an appeal but, because she had not enclosed an Office of Personnel Management (OPM) decision denying her claim, issued an acknowledgement order, ordering her to submit evidence and argument showing that her appeal was within the Board's jurisdiction. In her response to the acknowledgement order, Fuertes argued the merits of her case but failed to address the jurisdiction issue.
 
 
 3
 In its initial decision, the Board dismissed the appeal for lack of jurisdiction because OPM had not issued an appealable final decision. This initial decision became the final decision of the Board when the Board denied Fuertes's petition for review.
 
 
 4
 We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 5
 It is well settled that the Board's jurisdiction is narrowly prescribed by statute and regulation. Specifically, the Board may hear only those matters either delineated by Congress or granted by the regulatory authority of OPM. Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985). With respect to retirement matters, the Board's jurisdiction is limited to those claims on which OPM has issued a final decision. 5 C.F.R. Sec. 831.110 (1994). Additionally, appellant has the burden of showing to the Board that it has jurisdiction. 5 C.F.R. Sec. 1201.56(a)(2)(i) (1994); Maddox, 759 F.2d at 10.
 
 
 6
 On appeal, Fuertes once again argues the merits of her case but fails to address the jurisdiction issue, i.e., the absence of a final OPM decision. Fuertes has not met her burden of showing that the Board has jurisdiction. Therefore, we must affirm the Board's dismissal of Fuertes's appeal for lack of jurisdiction.
 
 
 7
 We note that OPM has indicated that it would forward Fuertes's correspondence to the appropriate office for response. Should that action result in a final decision by OPM that Fuertes believes to be in error, Fuertes may then seek recourse to the Board.
 
 
 8
 No costs.