**Gregory K. ROBERTS, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 98-3246.

United States Court of Appeals, Federal Circuit.

Feb. 8, 1999.

Keith E. Kendall, Kendall Miller, P.C., of Harrisburg, Pennsylvania, for petitioner.

Alan J. Lo Re, Trial Attorney, for respondent. On the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Bryant G. Snee, Assistant Director, and Virginia M. Lum, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice.

Before RICH, BRYSON, and GAJARSA, Circuit Judges.

## DECISION

RICH, Circuit Judge.

Gregory K. Roberts appeals from the final decision of the Merit System Protection Board (M.S.P.B.), Docket No. PH0330970305-I-1, denying review of the initial decision of the board, which dismissed Roberts claim. Because the MSPB correctly held that it lacked jurisdiction to hear Roberts' claim, we affirm.

## BACKGROUND

Roberts is a civilian employee of the Army who held the temporary position of Industrial Radiographer from 1993 to 1996. In 1996, the temporary position that Roberts held was approved for permanent fill. The permanent position was filled by an individual who was on the Department of Defense's Reemployment Priority List ("RPL") and Roberts was returned to the position that he held before he was promoted to the temporary position.

Roberts asserts that because the hired individual needed hundreds of hours of training to perform the job that Roberts was already doing, the individual was not qualified for the position and Roberts, not the individual from the RPL, should have been placed in the permanent position.

Roberts filed an appeal to the MSPB on the grounds that the hiring of the other individual violated RPL regulation 5 C.F.R. § 330.208(a) which requires the placement of only "qualified" individuals. The Administrative Judge dismissed Roberts appeal for lack of jurisdiction reasoning that Roberts was not an RPL Registrant or a Reduction in Force (RIF) casualty and thus did not have a remedy for any misapplication of the RPL regulations. The Administrative Judge's decision became the Board's final decision when the full Board denied Roberts' petition for review. This appeal followed.

## DISCUSSION

5 C.F.R. § 330.209 (1998) states that an "individual who believes that his or her reemployment priority rights under this subpart [Reemployment Priority List (RPL)] have been violated because of the employ-ment of another person who otherwise could not have been appointed properly may appeal to the Merit Systems Protection Board under the provisions of the Board's regulations."

Roberts asserts that a federal employee who was negatively affected by the misapplication of the selection criteria set forth in the RPL regulations, such as himself, has reemployment priority rights and may appeal to the MSPB under 5 C.F.R. § 330.209.

We disagree. 5 C.F.R. § 330.209 by its own language only applies to reemployment rights under Subpart B "Reemployment Priority List (RPL)" *See e.g., Colbert v. Department of the Army,* 54 M.S.P.R. 492, 496 (1992). 5 C.F.R. § 330.201(a) (1998) defines the Reemployment Priority List as the mechanism agencies use to give reemployment consideration to their former competitive service employees separated by RIF or fully recovered from a compensable injury after more than one year. 5 C.F.R. § 330.202 (1998) provides that only two categories of individuals are eligible to be placed on the Reemployment Priority List. These individuals are those who have been subjected to a RIF (5 C.F.R. § 330.203 (1998)) or those who have fully recovered from a compensable injury after more than one year (5 C.F.R. § 330.204 (1998)). As Roberts has not been separated by RIF nor has he recovered from a compensable injury after more than one year, Roberts does not have reemployment priority rights as set forth in the applicable regulations.

Nevertheless, Roberts argues that he derives RPL rights from regulations 5 C.F.R. §§ 330.201–209, if the regulations are read broadly in order to give effect to their remedial intent. We disagree. None of the regulations cited by Roberts provide reemployment priority rights to an individual who is not eligible to be placed on the Reemployment Priority List. The regulations merely direct the agency how to administer the Reemployment Priority List. They do not confer reemployment rights on an individual who is injured by misapplication of those regulations.

It is well established that the Board's authority to accept an appeal is not plenary,

but is limited to those matters over which it has been given jurisdiction by some statute or regulation. The Board has no right to adjudicate all actions which are alleged to be incorrect. *Preece v. Department of the Army,* 50 M.S.P.R. 222, 226 (1991). Even if the agency incorrectly appointed an unqualified individual in violation of the selection criteria set forth in the RPL regulations, such action does not confer reemployment priority rights on Roberts. Roberts' allegations of agency wrongdoing are insufficient to establish jurisdiction where the regulations upon which Roberts bases his claim simply do not apply to him.

The burden of showing jurisdiction is on petitioner. 5 C.F.R. § 1201.56(a)(2) (1998). As Roberts has failed to carry his burden to establish jurisdiction of the board, the MSPB was correct to dismiss his appeal. *See e.g., Burgess v. Merit Sys. Protection Bd.,* 758 F.2d 641, 643 (Fed.Cir.1985).

*AFFIRMED.*