**Robert L. WILSON, Petitioner,**

v.

**DEPARTMENT OF DEFENSE, Respondent.**

No. 01–3091.

United States Court of Appeals, Federal Circuit.

May 9, 2001.

Before MICHEL and SCHALL, Circuit Judges, ARCHER, Senior Circuit Judge.

## DECISION

### PER CURIAM.

Robert L. Wilson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his claim that his reemployment priority rights were violated. *Wilson v. Dep't of Def.*, 87 M.S.P.R. 534 (2000) (final order) (*"Wilson II"*). The April 26, 2000 initial decision of the administrative judge ("AJ") became the final decision of the Board on November 14, 2000, when the Board denied Mr. Wilson's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d). Although the Board did have jurisdiction over Mr. Wilson's claim, we *affirm* the Board's decision to dismiss Mr. Wilson's claim on the ground that Mr. Wilson failed to state a claim upon which relief could be granted.

## DISCUSSION

### I.

At all times relevant to this appeal, Mr. Wilson was employed as a WG–5 Materials Handler with the Defense Logistics Agency ("DLA") of the Department of Defense ("agency") at the distribution depot in Memphis, Tennessee. In April of 1996, Mr. Wilson applied for disability retirement benefits. His application was denied by the Office of Personnel Management ("OPM") on April 24, 1997, and he appealed to the Board. The Board affirmed OPM's decision on August 30, 1999, *Bracey v. Office of Pers. Mgmt.*, 83 M.S.P.R. 400 (1999) (*"Bracey I"*).[1]

In the meantime, however, on September 30, 1997, Mr. Wilson was separated from his position at DLA in a reduction-in-force ("RIF"). In his pending Board appeal, Mr. Wilson raised the claim that, in the course of the RIF, his reemployment priority rights had been violated. He asserted that he was unlawfully excluded from both the agency's reemployment priority list ("RPL") and its priority placement program ("PPP") list. He argued that the agency's failure to place him on the RPL and the PPP list violated his reemployment rights under 5 C.F.R. §§ 330.203 and 330.204. The Board remanded the claim to its Atlanta Regional Office so that it could be addressed there in the first instance. *Bracey I*, 83 M.S.P.R. at 412.

On remand, Mr. Wilson's appeal was given a new docket number and the AJ conducted a status conference to identify the exact issues to be adjudicated. The AJ then ordered Mr. Wilson to file evidence and argument to support the Board's jurisdiction over his claim that the agency had violated his reemployment rights. Mr. Wilson responded to this order, alleging that there were three specific jobs, two in Virginia and one in Georgia, for which he would have been considered if the agency had not violated his reemploy-

---

1. The Board's decision with respect to Bruce A. Bracey was reversed by this court. *Bracey v. Office of Pers. Mgmt.*, 236 F.3d 1356 (Fed. Cir.2001) (*"Bracey II"*).

ment priority rights by failing to place him on the RPL and the PPP list.

The AJ issued an order, on January 13, 2000, directing the agency to produce any document that might support Mr. Wilson's claim. The agency's response to the order included a declaration from Susan Hipple, a staffing specialist employed in the personnel office that services all distribution depots for DLA. Ms. Hipple stated in her declaration that Mr. Wilson was placed on the RPL after he was RIF'ed for the maximum period of 2 years, and that he was placed on the PPP list a month before he was RIF'ed for the maximum period of 1 year. Attached to Ms. Hipple's declaration were (i) the SF-50 which effected Mr. Wilson's separation, indicating that he was to be placed on the RPL until September 30, 1999; (ii) a copy of the RPL containing Mr. Wilson's name and showing a September 30, 1999 expiration date; and (iii) a copy of the PPP list containing Mr. Wilson's name and showing that he was on the list from August 28, 1997 until October 1, 1998.

On April 26, 2000, the AJ issued an initial decision dismissing Mr. Wilson's appeal. *Wilson v. Def. Logistics Agency,* No. AT–0330–00–0128–I–1 (Merit Sys. Prot. Bd. Apr. 26, 2000) (initial decision) (*"Wilson I"*). The AJ noted that the agency's evidence clearly showed that Mr. Wilson was on the RPL for the maximum period of 2 years, and was on the PPP list at least one month prior to the RIF and for the maximum period of 1 year thereafter. *Id.* The AJ determined that Mr. Wilson failed to show "that he was excluded from the RPL and the PPP, [and] failed to show that he was not considered for positions, based upon hiring decisions arising from the RPL and the PPP, based upon his injury." *Id.* The AJ also found that Mr. Wilson was precluded from invoking reemployment rights to the three positions Mr.

Wilson noted because those three positions became available in 1995, while Mr. Wilson's reemployment rights did not attach until the RIF, which occurred on September 30, 1997. *Id.* at 4. The AJ therefore concluded that Mr. Wilson had failed to make a nonfrivolous allegation that his reemployment priority rights had been violated; he therefore ruled that the Board did not have jurisdiction. As noted, the AJ's initial decision dismissing the appeal for lack of jurisdiction became the final decision of the Board on November 14, 2000, when Mr. Wilson's petition for review was denied. This appeal followed.

II.

■ Our scope of review of the Board's decision is limited. Under 5 U.S.C. § 7703(c), we must affirm the decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Rosete v. Office of Pers. Mgmt.,* 48 F.3d 514, 516 (Fed.Cir.1995).

On appeal, Mr. Wilson argues that the agency violated his reemployment priority rights. He contends that the agency failed to protect his right to reemployment after the RIF. He also contends that the Board failed to consider that the RIF that affected him started in 1995 and that his reemployment rights became effective at the time the two positions in Virginia and the one in Georgia opened, positions for which he should have been considered.

■ Under 5 C.F.R. § 330.209, "[a]n individual who believes that his or her reemployment priority rights ... have been violated because of the employment of another person who otherwise could not have been appointed properly may appeal to the [Board]...." *Roberts v. Dep't of the Army,* 168 F.3d 22, 23 (Fed.Cir.1999);

*Chudson v. Envtl. Prot. Agency,* 17 F.3d 380, 382–83 (Fed.Cir.1994). The reemployment priority rights contemplated in 5 C.F.R. § 330.209 are those afforded under the RPL. *Roberts,* 168 F.3d at 23. An employee is eligible to be placed on the RPL in two circumstances. *See* 5 C.F.R. § 330.202. Under 5 C.F.R. § 330.203, an employee who is subject to a RIF is eligible to be placed on the RPL. *Roberts,* 168 F.3d at 23; *Chudson,* 17 F.3d at 382–83. Under 5 C.F.R. § 330.204, an employee "who is separated ... because of a compensable injury of disability ... who has fully recovered more than 1 year after compensation began is entitled to be placed on the RPL...." *Roberts,* 168 F.3d at 23; *Chudson,* 17 F.3d at 383. In this case, Mr. Wilson has alleged enough, under the regulations noted above, to give the Board jurisdiction over his appeal. Mr. Wilson was subject to a RIF, establishing entitlement to be on the RPL under 5 C.F.R. § 330.203, and Mr. Wilson alleged that other individuals filled the three positions he identified instead of him, allowing him to appeal his claim to the Board pursuant to 5 C.F.R. § 330.209. Contrary to the Board's conclusion in this case, the Board did have jurisdiction over Mr. Wilson's appeal. *See Yunus v. Dep't of Veterans Affairs,* 242 F.3d 1367, 1371–72, 1372 n. 1 (Fed.Cir.2001); *Spruill v. Merit Sys. Prot. Bd.,* 978 F.2d 679, 686–87 (Fed.Cir.1992) (noting that if the facts, as alleged, fall within the Board's subject matter, the Board has jurisdiction).

■ However, Mr. Wilson failed to state a claim upon which relief could be granted because he was unable to establish facts essential to his case. *Spruill,* 978 F.2d at 688 (noting that "failure of proof of an element of the cause of action means the petitioner is not entitled to the relief he seeks"). First, Mr. Wilson failed to establish that the agency did not place him on the RPL or the PPP list. The agency presented substantial evidence, in the form of Ms. Hipple's declaration, that Mr. Wilson was properly placed on both the RPL and the PPP lists and stayed on those lists for the maximum allowable time, *see* 5 C.F.R. § 330.203(b) (allowing a RIFed employee a maximum of 2 years on the RPL); 5 C.F.R. § 330.204(b) (allowing an employee eligible due to separation because of a compensable injury a maximum of 2 years on the RPL). Mr. Wilson contends that he should have been considered for three job openings in 1995, but Mr. Wilson presented no evidence that he was separated in 1995. The RIF, which caused his separation, was effective September 30, 1997, and separation is required to trigger reemployment priority rights, *see* 5 C.F.R. §§ 330.203 & 330.204.

■ Mr. Wilson also asserts that since we overturned the Board's decision in *Bracey I,* we should reverse the Board's decision in this case. Mr. Wilson is correct that this court, in *Bracey II,* 236 F.3d at 1363, reversed the Board's determination that Mr. Bracey was disqualified from disability benefits. However, Mr. Wilson was not a party to Mr. Bracey's appeal, nor did our decision in *Bracey II* address reemployment priority rights. The Board noted in *Bracey I,* 83 M.S.P.R. at 412, that Mr. Wilson's claims regarding reemployment priority rights were a "separately appealable matter," and were considered distinct from the disability benefits issue in *Bracey.* Therefore, the results in *Bracey II* have no bearing on Mr. Wilson's claims in this appeal.

For the foregoing reasons, the decision of the Board is affirmed.

Each party shall bear its own costs.