NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3078

BERNARDITA B. ARMACHUELO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Bernardita B. Armachuelo, of Tacloban City, Leyte, Philippines, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3078

BERNARDITA B. ARMACHUELO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in SF0831080423-I-1.

_____

DECIDED: July 9, 2009

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, <u>Circuit Judge</u>, and SPENCER, <u>Chief District Judge</u>.[*]

PER CURIAM.

## DECISION

Bernardita B. Armachuelo challenges the decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. We <u>affirm</u>.

---

[*] The Honorable James R. Spencer, Chief Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

BACKGROUND

Ms. Armachuelo's husband, Jeremias V. Armachuelo, resigned from the federal service on August 21, 1953. At the time of his resignation, Mr. Armachuelo was 30 years old and had completed just over seven years of service with the government. He was therefore ineligible for an immediate annuity when he resigned, but he became eligible to receive a deferred annuity on May 23, 1985, when he turned 62. See 5 U.S.C. § 8338. The Office of Personnel Management ("OPM") granted him a deferred annuity in 1991. Since her husband's death in 2006, Ms. Armachuelo has received an annuity as his surviving spouse.

On January 18, 2008, OPM issued a final decision denying Ms. Armachuelo's request for enrollment in the Federal Employees Health Benefits Program ("FEHBP"). Ms. Armachuelo claimed that she was entitled to enroll in the FEHBP because she was receiving a survivor annuity. OPM explained that separated employees who retire under a deferred annuity pursuant to section 8338 are not eligible to enroll in the FEHBP, and for that reason, Ms. Armachuelo, as the surviving spouse of a deferred retiree, was not eligible to enroll in the program. In its final decision, OPM advised Ms. Armachuelo that there "will be no further administrative review of this matter and you have no further appeal rights."

Ms. Armachuelo appealed OPM's final decision to the Board. In response, OPM moved that the appeal be dismissed on the ground that OPM decisions regarding health plan enrollment are not reviewable by the Board. The administrative judge who was assigned to the appeal afforded the parties an opportunity to address whether the Board had jurisdiction over Ms. Armachuelo's appeal. Ms. Armachuelo did not respond to that

order, and the administrative judge then issued an initial decision dismissing Ms. Armachuelo's appeal for lack of jurisdiction. After the full Board denied her petition for review, Ms. Armachuelo petitioned for review by this court.

DISCUSSION

The Board's jurisdiction is restricted to actions specifically made appealable to the Board by law, rule, or regulation. 5 U.S.C. § 7701(a); Roberts v. Dep't of the Army, 168 F.3d 22, 23-24 (Fed. Cir. 1999) ("It is well established that the Board's authority to accept an appeal is not plenary, but is limited to those matters over which it has been given jurisdiction by some statute or regulation."). OPM's decision denying Ms. Armachuelo's request for benefits under the FEHBP is not an action made appealable to the Board by law. As the administrative judge explained, OPM determinations concerning health plan enrollment are final and not reviewable by the Board. See Oppenheim v. Office of Pers. Mgmt., 51 M.S.P.R. 255, 257 (1991); Mitchell v. Office of Pers. Mgmt., 25 M.S.P.R. 186, 189 (1984).

Citing the Civil Service Reform Act of 1978, Pub. L. No. 65-454, 92 Stat. 1111 (1978) ("CSRA"), Ms. Armachuelo asserts that the Board has jurisdiction to review any "significant action" taken by OPM. But the CSRA, which created both the Board and OPM, expressly limits the Board's jurisdiction to those actions made appealable by law, rule, or regulation. 92 Stat. at 1138, § 205. Although many OPM actions are appealable to the Board, decisions regarding FEHBP enrollment are not. The Board therefore did not err in ruling that it lacked jurisdiction over Ms. Armachuelo's appeal. Because the administrative judge clearly stated why the Board lacked jurisdiction over

her appeal and cited pertinent legal authority in support of that conclusion, we reject Ms. Armachuelo's contention that the Board dismissed her appeal without explanation.

The government notes that instead of appealing to the Board Ms. Armachuelo could have pressed her claim either in a district court or in the Court of Federal Claims pursuant to 5 U.S.C. § 8912. That section provides that the "district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on" chapter 89, pursuant to which the FEHBP was created. 5 U.S.C. § 8912; see id. § 8903; 5 C.F.R. § 890.107. Ms. Armachuelo objects that she is unfamiliar with the rules applicable to claims against the government and therefore did not know that the Board lacked jurisdiction over her appeal. In its final decision denying her request for enrollment in the FEHBP, however, OPM informed Ms. Armachuelo that she was not entitled to further administrative review of her claim. OPM therefore put her on notice that she could not appeal that decision either within OPM or to the Board. We note that the Board's dismissal of Ms. Armachuelo's appeal is without prejudice to her filing suit in an appropriate court under section 8912, although we make no determination as to whether such a claim would be timely or otherwise eligible for review under that section. For the reasons stated above, we affirm the Board's dismissal of Ms. Armachuelo's appeal for lack of jurisdiction.