# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS V. MONTGOMERY, III,
    Appellant,

v.

DEPARTMENT OF THE INTERIOR,
    Agency.

DOCKET NUMBER
DC-3443-15-1083-I-1

DATE: March 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Thomas V. Montgomery, III, Centreville, Virginia, pro se.

Andrew David Linenberg, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal as untimely. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision except as MODIFIED to also DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

¶2      On August 19, 2015, the appellant filed an appeal alleging that the agency erred by setting his pay at GS-11, Step 5, instead of GS-11, Step 10, when he was hired as a Human Resources Specialist on January 13, 2013. Initial Appeal File (IAF), Tab 1. The administrative judge issued an acknowledgment order, which notified the appellant of the Board's timeliness requirements and ordered him to file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. IAF, Tab 2 at 2-3. The appellant responded by acknowledging that his appeal was untimely and stating that there was good cause for the delay. IAF, Tab 4. The agency filed a motion to dismiss the appeal as untimely. IAF, Tab 7 at 6-9. The agency argued in the alternative that the appeal should be dismissed because the Board lacks jurisdiction over the appellant's claim that the agency erred in setting his pay. *Id.* at 9-11. The administrative judge issued an initial decision dismissing the appeal as untimely without addressing the jurisdictional issue. IAF, Tab 17.

¶3      The appellant has filed a petition for review arguing that good cause exists for his failure to timely file the appeal. Petition for Review (PFR) File, Tab 2.

The agency has filed a response in opposition to the petition. PFR File, Tab 4. The appellant has replied to the agency's response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 As previously noted, the administrative judge found that the appeal was untimely filed without good cause shown for delay. We discern no basis for disturbing this finding on review. However, as discussed below, we modify the initial decision to alternatively find that the Board lacks jurisdiction over the appeal.

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, the Board has jurisdiction to review actions involving reductions in pay. 5 U.S.C. § 7512(4); *Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 5 (2012). A reduction in pay is narrowly defined as an ascertainable reduction in pay at the time of a personnel action. *Chaney v. Veterans Administration*, 906 F.2d 697, 698 (Fed. Cir. 1990). The appellant has not alleged that his pay was reduced; instead he alleges that he should have received pay at a higher step when he was first hired. PFR File, Tab 2 at 4 (describing the issue in the appeal as whether "the agency [was] correct in how my pay was set when I accepted the position in January 2013 or was it wrong?"). The appellant admits that he was paid at the GS-11, Step 5 level the entire time he was employed at the agency. IAF, Tab 4 at 6-7.

¶6 The appellant argues that the agency erred in setting his pay. PFR File, Tab 2 at 6-7. Absent a reduction in pay, the Board has no jurisdiction to consider whether the agency properly applied the Office of Personnel Management's pay-setting regulations. *See Goettmann v. Department of the Air Force*, 10 M.S.P.R. 95, 96-97 (1982) (finding no jurisdiction over the appellants' claims that they were promoted without required pay increases where there was no reduction from the amount paid to the appellants prior to the promotions). The

appellant also argues that he was harmed by the agency's error in setting his pay. PFR File, Tab 2 at 6-7. However, the Board does not have jurisdiction over all matters alleged to be incorrect. *Roberts v. Department of the Army*, 168 F.3d 22, 24 (Fed. Cir. 1999).

¶7  Accepting a position based on agency-supplied misinformation regarding pay may constitute a nonfrivolous allegation of an involuntary reduction in pay that would be within the Board's jurisdiction. *See Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶ 10 (2005). However, the appellant admits that he voluntarily accepted the position knowing he would be paid at a lower rate to avoid a break in service. PFR File, Tab 2 at 5. The appellant has not alleged that he accepted the position based on agency-supplied misinformation, coercion, or duress. Thus, the appellant has not suffered an involuntary reduction in pay within the Board's jurisdiction.

¶8  Generally, an appellant should be given specific notice of the jurisdictional issue, and an opportunity to reply to the notice, before his appeal is dismissed for lack of jurisdiction. *Mitchell v. Department of Defense*, 46 M.S.P.R. 154, 159-60 (1990). The agency moved to dismiss the appeal based on lack of jurisdiction, and the appellant filed a response. IAF, Tab 7 at 9-10, Tab 14. An appeal need not be remanded to address a jurisdictional issue where an agency's motion to dismiss provides the appellant with sufficient notice of the jurisdictional issue. *Alves v. U.S. Postal Service*, 95 M.S.P.R. 587, ¶¶ 11-12 (2004). The appellant's response on the jurisdictional issue does not contain a nonfrivolous allegation of facts that could establish the Board's jurisdiction over this appeal. IAF, Tab 14. The lack of a jurisdictional notice from the administrative judge below did not prejudice the appellant's substantive rights because the record plainly shows that the Board is without jurisdiction over the appellant's appeal. *See Mitchell*, 46 M.S.P.R. at 160.

¶9  Based on the foregoing, we affirm the initial decision that dismissed the appeal as untimely but also find that the Board lacks jurisdiction over the appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____

William D. Spencer
Clerk of the Board

Washington, D.C.