# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN J. CARROLL, | DOCKET NUMBER |
| Appellant, | CH-3443-16-0042-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: April 12, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John J. Carroll, Frankton, Indiana, pro se.

Julie Ferguson Queen, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal against the Department of Veterans Affairs (DVA) challenging his nonselection for an Equipment Operator position. Initial Appeal File (IAF), Tab 1. He alleged that the DVA took a negative suitability action against him[2] and discriminated against him on the basis of an unspecified disability. *Id.* at 3. He included copies of two contradictory email messages he received from the Office of Personnel Management (OPM); the first indicated that OPM had referred him to the DVA for an Equipment Specialist position, and the second, dated just over a week later, indicated that the appellant was "not referred" because he was not eligible for the position. *Id.* at 8-9. The appellant did not request a hearing. *Id.* at 2. The administrative judge granted DVA's motion to substitute OPM as the proper responding agency because the record

---

[2] The appellant appears to allege on review that the reason OPM found him not eligible for the position at issue is his height. Petition for Review File, Tab 1 at 3. Although it is not clear that is what happened, such physical characteristics are not among the specific factors that comprise an appealable suitability action. 5 C.F.R. §§ 731.202(b), 731.501. Moreover, a nonselection is also not a suitability action, even if based on the reasons defined in the pertinent regulations. *Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, 240 (2009); 5 C.F.R. § 731.201(a). Thus, the record does not reflect that either agency involved subjected the appellant to an appealable suitability action.

reflected that OPM was the agency that concluded that the appellant would not be referred for the position at issue. IAF, Tab 4. The administrative judge then issued a revised acknowledgment order designating OPM as the responding agency. IAF, Tab 6. The administrative judge informed the appellant of his jurisdictional burden and ordered him to file evidence and argument to establish jurisdiction over his appeal. *Id.* at 2-3. The appellant did not respond.

¶3 Because the appellant failed to allege that OPM's decision finding him not eligible for the Equipment Specialist position was made in retaliation for whistleblowing, was the product of discrimination based on his uniformed service,[3] or violated any of his veterans' preference rights, the administrative judge properly found that the appellant failed to make a nonfrivolous allegation of jurisdiction and dismissed the appeal on that basis. IAF, Tab 8, Initial Decision (ID) at 3-4. In his timely filed petition for review, the appellant asserts for the first time that he is a "combat veteran with 20% disability." Petition for Review (PFR) File, Tab 1 at 3. He contends that a human resources representative "referred and qualified" him for the position at issue and claims that he is "currently working a job study with this job and even the boss wants me working there." *Id*. He argues that the administrative judge failed to consider evidence and failed to contact the human resources representatives to see who was not following the standard operating procedure for hiring. *Id.* at 4. The agency responds in opposition. PFR File, Tab 6.

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters alleged to be unfair or incorrect. *Roberts v. Department of the Army*, 168 F.3d 22, 23-24 (Fed. Cir. 1999). The Board's appellate jurisdiction is set forth at 5 C.F.R. § 1201.3. It is well settled

---

[3] The appellant claimed that he was entitled to veterans' preference. IAF, Tab 1 at 1.

that the Board generally does not have jurisdiction to review an agency's decision not to select a particular applicant for a vacant position. *Brown v. Office of Personnel Management*, 91 M.S.P.R. 314, 318 (2002); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). As the administrative judge correctly explained, there are exceptions to this general rule, i.e., when that nonselection was made in retaliation for whistleblowing, was the product of discrimination based on the applicant's uniformed service, or violated any of his veterans' preference rights, and the appellant has the burden of establishing the Board's jurisdiction by making nonfrivolous allegations of fact that, if proven, would show that his claims fell within one of those exceptions. 5 C.F.R. § 1201.57; IAF, Tab 5 at 2, Tab 6 at 2. The appellant did not allege any of those bases in his appeal, IAF, Tab 1, and he did not respond to the administrative judge's acknowledgment orders.

¶5 The appellant asserts for the first time in his petition for review that he is a combat veteran with 20% disability. PFR File, Tab 1 at 3. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant makes no such showing. Moreover, the appellant's claim does not aid him in establishing jurisdiction over his appeal. An allegation of discrimination based on a disability arising from military service is not a claim cognizable under one of the exceptions identified by the administrative judge, i.e., the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). *McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 415 (1998) (explaining that USERRA proscribes the denial of initial employment based on the performance of military duty, not on the basis of a veteran's disability arising out of his performance of that duty). However, because USERRA provides an independent jurisdictional basis, the appellant may file a new appeal with the

Board's regional office if he believes that the agency discriminated against him in violation of USERRA. 38 U.S.C. § 4324.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                   _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.