**Neal Kenneth MADDOX, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 85–657.**

United States Court of Appeals, Federal Circuit.

April 4, 1985.

Neal Kenneth Maddox, pro se.

---

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation and Bruce L. Moyer, Merit Systems Protection Board, Washington, D.C., submitted for respondent.

Before FRIEDMAN, BENNETT, and MILLER, Circuit Judges.

BENNETT, Circuit Judge.

Neal K. Maddox, pro se, appeals the final decision, No. DA34438410202, of the Merit Systems Protection Board (MSPB), effective August 7, 1984, in which it denied review, made final its presiding official's decision that the MSPB had no jurisdiction to hear the matter, and dismissed the appeal to the MSPB. 22 M.S.P.R. 654. We affirm.

Maddox worked for the Department of Housing & Urban Development as a supervisory loan specialist (realty), GS–13, in Little Rock, Arkansas. The department reassigned him to San Antonio, Texas, with the same grade, pay, and title, effective June 13, 1983. Maddox alleges that the reassignment violated his "veterans preference rights, legal rights, and seniority rights."*

■ The jurisdiction of the MSPB is not plenary but is limited to those actions which are made appealable to it by law, rule, or regulation. 5 U.S.C. §§ 1205(a)(1), 7701(a) (1982). *Cowan v. United States,* 710 F.2d 803, 805 (Fed.Cir.1983); *Thomas v. United States,* 709 F.2d 48, 49 (Fed.Cir. 1983). 5 U.S.C. § 7512 (1982) enumerates the actions appealable to the MSPB, as follows:

(1) a removal;

(2) a suspension for more than 14 days;

(3) a reduction in grade;

(4) a reduction in pay; and

(5) a furlough of 30 days or less.

*See also* 5 C.F.R. § 1201.3(a) (1983).

■ Since the reassignment did not reduce Maddox's grade or pay, section 7512 does not confer the requisite authority to hear the appeal on any of the grounds relied on by Maddox. The MSPB lacks jurisdiction of such grounds where the underlying action complained of is not within the board's jurisdiction. Plainly, the unsubstantiated allegations asserted here do not provide any independent source of jurisdiction to the MSPB. The same is true when it comes to judicial review. If the MSPB does not have jurisdiction, then neither do we, except to the extent that we always have the inherent power to determine our own jurisdiction and that of the board. *Manning v. Merit Systems Protection Board,* 742 F.2d 1424, 1427 (Fed.Cir. 1984); *Rosano v. Department of the Navy,* 699 F.2d 1315, 1318 (Fed.Cir.1983). Petitioner has the burden of showing to the MSPB that it has jurisdiction. 5 C.F.R. § 1201.56(a)(2) (1983); *Stern v. Department of the Army,* 699 F.2d 1312, 1314 (Fed.Cir.1983). Petitioner has not met that burden here, either at the MSPB or the court level. We review final decisions of the MSPB pursuant to the strictures of 5 U.S.C. § 7703(c). By those guidelines and limitations upon our jurisdiction, we affirm.

AFFIRMED.

---

* Respondent states that Maddox also asserts prohibited personnel practices under 5 U.S.C. §§ 2302(b)(8)–2302(b)(10), allegedly taken in reprisal for a grievance Maddox had filed. We do not find the allegations in petitioner's brief nor are they discussed in the MSPB opinions.