## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICE SHANE' TAYLOR,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
DC-315H-16-0629-I-1

DATE: January 6, 2017

# THIS ORDER IS NONPRECEDENTIAL[1]

Patrice Shane' Taylor, Gambrills, Maryland, pro se.

Brian J. Sheppard and Steven Lippman, Washington D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2        The following facts are not disputed.  The agency provisionally appointed the appellant to an excepted service Police Officer position under the Veterans Readjustment Act (VRA) on February 8, 2016.  Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 1-2.  The appointment was subject to a 2-year trial period.  ID at 2.  During that period, in May 2016, the agency terminated the appellant after learning that a February 3, 2016 protective order stemming from domestic violence allegations prevented her from possessing a firearm, which was a requirement of her Police Officer position.  ID at 3.

¶3        After the appellant filed the instant Board appeal, the administrative judge warned that the Board may not have jurisdiction over her termination, provided the pertinent legal standards, and ordered the appellant to meet her jurisdictional burden.  IAF, Tabs 1-2.  In an untimely response that did not directly address her jurisdictional burden, the appellant alleged that she informed her supervisory chain of the protective order once she learned of it, they moved her to a visitor center where she was not required to carry a firearm until her termination, and the protective order was no longer in place.  IAF, Tab 1 at 4, Tab 6 at 4.

¶4        Without holding the requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction.  ID.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response and the appellant has replied.  PFR File, Tabs 3–4.

¶5        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving the Board's jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  Under 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before her appointment may appeal her termination to the Board on the ground that it was

not effected in accordance with the procedural requirements set forth in 5 C.F.R. § 315.805. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). Those procedural requirements include advance notice of the termination, an opportunity to respond, and consideration of the response. *Id*., ¶ 13; 5 C.F.R. § 315.805. In a probationary termination appeal arising under section 315.806(c), the merits of the agency's termination decision are not before the Board. *LeMaster*, 123 M.S.P.R. 453, ¶ 7. Rather, the only issue is whether the agency's failure to follow the procedures prescribed in section 315.805 was harmful error. *Id*. If there was harmful error, then the agency's action must be set aside. *Id*.

¶6 Contrary to the initial decision, we find that the appellant is entitled to a jurisdictional hearing and, if necessary, a hearing to determine whether the agency committed harmful error. *See generally Ferndon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (recognizing that an appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations of Board jurisdiction). Because the termination action was at least partially based on the February 3, 2016 protective order, which arose before her February 8, 2016 appointment, the appellant was entitled to the procedural protections of 5 C.F.R. § 315.805.[2] IAF, Tab 5 at 28; *see LeMaster*, 123 M.S.P.R. 453, ¶¶ 2, 8-13 (finding that a probationary employee was entitled to the procedural protections of section 315.805 when his termination was at least partially based on the agency learning that he was subject to court-ordered probation for bank fraud, which existed prior to his appointment). However, neither the termination notice nor the agency's brief in response to this appeal contained any indication that it provided notice and an opportunity to respond prior to removing the appellant. IAF, Tab 5

---

[2] As set forth in 5 C.F.R. § 307.105, "any individual serving under a VRA, whose employment under the appointment is terminated within 1 year after the date of such appointment, has the same right to appeal that termination as a career or career-conditional employee has during the first year of employment," which includes the right to appeal what is at issue here, set forth in 5 C.F.R. § 315.806. *See LeMaster*, 123 M.S.P.R. 453, ¶ 2 n.1.

at 5, 28-29.  If, as it appears, the agency failed to provide the appellant with those procedural protections, the relevant inquiry is whether that failure amounted to harmful error.  *LeMaster*, 123 M.S.P.R. 453, ¶ 13.

¶7        Harmful error cannot be presumed; an agency error is harmful only when the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Id*., ¶ 14; 5 C.F.R. § 1201.4(r).  The burden is on the appellant to show that the procedural error was harmful.  5 C.F.R. § 1201.4(r).  Because the administrative judge dismissed the appeal for lack of jurisdiction without a hearing, the record is not developed on the issue of whether the agency would have terminated the appellant had it provided advance notice of the termination, an opportunity to respond, and consideration of her response.  However, we note that the appellant already has presented evidence showing that the protective order preventing her from carrying a firearm was rescinded just 2 weeks after her termination, during what may have been the notice and response period if the appellant had been provided the procedural protections of section 315.805.  IAF, Tab 1 at 4.

¶8        On remand, the administrative judge shall allow the parties to present additional argument and evidence.  He also shall hold the requested hearing to address jurisdiction under 5 C.F.R. § 353.806(c) and, if necessary, whether the agency's failure to follow the procedures prescribed in 5 C.F.R. § 315.805 was harmful error.[3]

---

[3] We recognize that the appellant has, for the first time on review, suggested that her sexual orientation and marriage may have played a role in her termination.  PFR File, Tab 1 at 4.  However, the allegation is pro forma and, therefore, insufficient to establish jurisdiction under 5 C.F.R. § 315.806(b).  *See Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010) (recognizing that the nonfrivolous standard for claims of marital status discrimination in a probationary termination requires more than mere conjecture; an appellant must provide supporting facts to show her allegations are not merely pro forma).

## **ORDER**

¶9      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this remand order.


FOR THE BOARD:        _____
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.