# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GERALD MITCHELL,

    Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

    Agency.

DOCKET NUMBERS
AT-0831-19-0078-I-1
AT-844E-13-3694-I-1

DATE: May 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gerald Mitchell, Memphis, Tennessee, pro se.

Jane Bancroft and Linnette L. Scott, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1    The appellant has filed petitions for review of two initial decisions, which dismissed his appeals for lack of jurisdiction. We JOIN the appeals because we have determined that doing so will expedite processing of the cases and will not adversely affect the parties' interests. 5 C.F.R. § 1201.36. Generally, we grant a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

petition only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons set forth below, the petition for review in *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-844E-13-3694-I-1 (3694 appeal), is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g). Further, after fully considering the filings in *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0831-19-0078-I-1 (0078 appeal), we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review in the 0078 appeal and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In the 3694 appeal, the administrative judge found that the Board lacks jurisdiction over OPM's denial of the appellant's application for a Civil Service Retirement System (CSRS) disability retirement annuity because OPM rescinded its reconsideration decision. *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-844E-13-3694-I-1, Initial Appeal File (3694 IAF), Tab 1 at 3, Tab 6, Initial Decision (3694 ID) at 1-2. The appellant did not file a petition for review of the initial decision before it became final in October 2013. 3694 ID at 2. However, on May 21, 2019, he filed an untimely petition for review, alleging that he recently discovered that an appeal cannot be dismissed unless the

appellant is provided with status quo ante relief and that he has not been provided with such relief. *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-844E-13-3694-I-1, Petition for Review (3694 PFR) File, Tab 1 at 4. He filed a motion to waive the untimeliness of his petition for review. 3694 PFR File, Tab 6 at 4-5. The agency has not responded to the petition for review or the appellant's motion.

¶3    In the interim, in September 2013, OPM approved the appellant's application for disability retirement. *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0831-19-0078-I-1, Initial Appeal File (0078 IAF), Tab 25 at 26-28. In the 0078 appeal, filed in October 2018, the appellant alleged that OPM failed to respond to his inquiries requesting information and documents related to his disability retirement and failed to correct his Standard Form 50 (SF-50). 0078 IAF, Tab 1 at 5, Tab 5 at 3, Tab 7 at 4. He also generally claimed that OPM's action in withholding this information was discriminatory and retaliatory. 0078 IAF, Tab 1 at 5, Tab 8 at 5. The administrative judge found that the appellant failed to make a nonfrivolous allegation of facts that, if proven, could establish Board jurisdiction. 0078 IAF, Tab 39, Initial Decision (0078 ID) at 2. For example, the administrative judge observed that the appellant did not identify a reconsideration decision that he was appealing. 0078 ID at 2-3.

¶4    On review, the appellant argues that OPM's failure to provide the information he requested related to his retirement is an appealable action. *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0831-19-0078-I-1, Petition for Review (0078 PFR) File, Tab 1 at 4-5. He also argues that the administrative judge failed to grant his motion to compel discovery and that OPM failed to provide him with sufficient information during the course of the appeal. 0078 PFR File, Tab 1 at 4-5, Tab 2 at 4. He further alleges that the agency retaliated against him when it violated his right to privacy by disclosing his Civil Service Annuity (CSA) case number in the agency file and

that the administrative judge erred by not striking the agency file from the record. 0078 PFR File, Tab 1 at 4, Tab 2 at 4-5. OPM has filed a pro forma response, to which the appellant has replied.[2] 0078 PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

We dismiss the appellant's petition for review in the 3694 appeal as untimely filed without good cause.

¶5     On review, the appellant contends that on or about May 20, 2019, he learned that OPM cannot divest the Board of jurisdiction until an appellant achieves true status quo ante. 3694 PFR File, Tab 1 at 4, Tab 3 at 4, Tab 6 at 5. The appellant submits an email dated May 18, 2019, which he sent to himself, that includes a link to a FEDmanager.com article published on March 1, 2016.

[2] Over 3 years after the submission of his petition for review, the appellant has filed two motions for leave to submit additional arguments and evidence. 3694 PFR File, Tabs 13, 16. In his first motion, he asserts without detail that additional pleadings are necessary "for the sake of due process, . . . engaging in the legal process, . . . presenting as much supporting and relevant information as possible, . . . capturing the totality of the circumstances, . . . detailing all of the issues that are known at this time, and . . . to exercise as many rights that are known to him." 3694 PFR File, Tab 13 at 3. In his second motion, he argues that he has new evidence that OPM's actions in connection with his 3694 appeal negatively impacted his pursuit of his equal employment opportunity (EEO) claims, including causing the Equal Employment Opportunity Commission's denial of an EEO claim he filed. 3694 PFR File, Tab 16 at 1-3. He also asserts that OPM was the cause of an alleged failure of his employing agency to respond to his request for information regarding his "reinstatement eligibility as an annuitant." *Id.* at 2. Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material and was not readily available before the record closed. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 4 n.4; 5 C.F.R. § 1201.114(k). As to his first motion, the appellant has not indicated that the arguments or evidence he seeks to submit are missing from the record below or were previously unavailable. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (determining that evidence that is already a part of the record is not new); 5 C.F.R. § 1201.115(d) (providing that new evidence is evidence that was unavailable despite due diligence when the record closed). Nor has he asserted that they will change the outcome of this appeal. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). As to his second motion, his arguments are not material to the dispositive timeliness issue, which is discussed below. Accordingly, we deny the appellant's motions.

3694 PFR File, Tab 6 at 9.  The article indicates that the Board, in *Campbell v. Office of Personnel Management*, [123 M.S.P.R. 240](#) (2016), held that a complete rescission of an OPM decision requires OPM to return the appellant to the status quo ante.  FEDmanager.com, Case Law Update, [https://fedmanager.com/news/opm-cannot-divest-board-of-jurisdiction-until-it-achieves-true-status-quo-ante](#) (last visited on Apr. 27, 2023).  The appellant has not alleged that his petition for review is timely.  3694 PFR File, Tab 6 at 4.  We find that it is not.

¶6      To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision.  [5 C.F.R. § 1201.114](#)(e).  As the party filing the petition for review, the appellant bears the burden of proof with regard to timeliness, which he must establish by preponderant evidence.  *Perry v. Office of Personnel Management*, [111 M.S.P.R. 337](#), ¶ 5 (2009); *see* [5 C.F.R. § 1201.56](#)(b)(2)(i)(B) (explaining that an appellant has the burden of proving the timeliness of his appeal by preponderant evidence).  The Board will excuse the late filing of a petition for review only on a showing of good cause for the delay.  *Perry*, [111 M.S.P.R. 337](#), ¶ 6; [5 C.F.R. § 1201.114](#)(g).  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *See Alonzo v. Department of the Air Force*, [4 M.S.P.R. 180](#), 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v.*

*Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        Here, the administrative judge informed the appellant that the initial decision had an October 11, 2013 finality date, unless either party filed a petition for review by that date.  3694 ID at 2.  The initial decision was served by electronic mail on September 6, 2013, to the appellant, a registered e-filer.  3694 IAF, Tab 1 at 2, Tab 6.  As an e-filer, he is deemed to have received the initial decision on the date of electronic submission, September 6, 2013.  3694 ID at 1; *see Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.14(m)(2).  Accordingly, he had until October 11, 2013, the 35th day following the issuance of the September 6, 2013 initial decision, to file a petition for review.  3694 ID at 2.  The appellant filed his petition for review on May 21, 2019, nearly 6 years past the filing deadline.  3694 PFR File, Tab 1.

¶8        The Office of the Clerk of the Board informed the appellant that his petition for review was untimely filed and that he could file a motion with the Board to accept his filing as timely or to waive the time limit for good cause.  3694 PFR File, Tab 4 at 1-2.  In the appellant's response, he asserts that on or about May 20, 2019, he discovered new information indicating that OPM cannot divest the Board of jurisdiction until an appellant achieves true status quo ante relief.  3694 PFR File, Tab 3 at 4, Tab 6 at 5.

¶9        Although the appellant is pro se, the nearly 6-year delay in filing his petition for review is substantial, and the appellant has not shown that he acted with due diligence or ordinary prudence or that there were circumstances beyond his control that affected his ability to comply with the time limit.  The discovery of, or a decision to pursue, a new legal argument after a period for filing a petition for review has expired does not constitute good cause for a filing delay. *Jones v. Department of Transportation*, 69 M.S.P.R. 21, 27 (1995), *aff'd*, 111 F.3d 144 (Fed. Cir. 1997) (Table); *see Damaso v. Office of Personnel Management*, 86 M.S.P.R. 371, ¶ 5 (2000) (declining to excuse an untimely filed

petition for review when the appellant alleged that he did not realize he had grounds to contest an initial decision until he read a Board member's separate opinion in another case); *Ganley v. U.S. Postal Service*, 65 M.S.P.R. 70, 71-72 (1994) (finding no good cause for an over 1-year delay in filing a petition for review when the appellant claimed that the Board "reversed its position"), *aff'd per curiam*, 50 F.3d 22 (Fed. Cir. 1995) (Table); *Watkins v. Department of the Navy*, 33 M.S.P.R. 5, 8 (1987) (explaining that good cause for a filing delay is not present when an appellant who is aware of his right to challenge an action before the Board chooses not to exercise that right until he learns that someone else has successfully pursed the argument he could have made himself). Thus, the appellant has not established good cause for the untimely filing of his petition for review.

¶10    Accordingly, we dismiss the petition for review in the 3694 appeal as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review in MSPB Docket No. AT-844E-13-3694-I-1. The initial decision remains the final decision of the Board regarding the Board's jurisdiction over OPM's rescinded reconsideration decision in that matter.

The administrative judge correctly dismissed the 0078 appeal for lack of Board jurisdiction.

¶11    The administrative judge found that the Board lacks jurisdiction because the appellant failed to identify any specific action by OPM that affected his rights or interests under CSRS. 0078 ID at 2-3. On review, the appellant asserts that OPM's failure to provide the information he requested that is "connected to and associated with his retirement" is an appealable action. 0078 PFR File, Tab 1 at 4-5. We are not persuaded.

¶12    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board's jurisdiction

concerning retirement matters involving the CSRS is defined at 5 U.S.C. § 8347(d)(1), which provides, in relevant part, that "an administrative action or order affecting the rights or interests of an individual . . . under [CSRS] may be appealed to the Merit Systems Protection Board." *Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 9 (2015). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶13 Here, the appellant asserts that OPM violated his rights by not providing him with the information he requested related to his retirement and that OPM is "withhold[ing], conceal[ing], and cover[ing]-up information, personnel actions, [and] documents" in connection with his retirement. 0078 PFR File, Tab 1 at 4-5. However, as observed by the administrative judge, the appellant admitted that he had not received a decision from OPM regarding his requests for information. 0078 IAF, Tab 1 at 5; 0078 ID at 2. Moreover, this appeal does not involve a direct adjudication of the appellant's entitlement to a disability retirement annuity. It is undisputed that OPM approved the appellant's disability retirement application in September 2013. 0078 IAF, Tab 25 at 26-28. Instead, the appellant seeks information and documents "connected to and associated with" his approved disability retirement application. 0078 PFR File, Tab 1 at 4-5. Thus, even if OPM issued a final decision on the appellant's request, the Board would not have jurisdiction over this matter because the appellant's retirement rights and interests are not adversely impacted. *See Miller*, 123 M.S.P.R. 68, ¶¶ 2, 9-10 (finding that the Board lacked jurisdiction over a CSRS overpayment when the appellant was not entitled to the funds in question under the CSRS, but rather received them via a check payable to the deceased annuitant's estate). Accordingly, the administrative judge properly dismissed this appeal for lack of jurisdiction.

<u>The appellant's other arguments on appeal do not provide a basis to disturb the initial decision in his 0078 appeal.</u>

¶14    As noted above, the appellant raises several issues regarding the administrative judge's rulings during the processing of his appeal.  First, the appellant argues that the agency violated his privacy rights by disclosing his CSA number in the agency file and that the administrative judge erred in denying his motion to strike the agency file on this basis.  0078 PFR File, Tab 1 at 4, Tab 2 at 4-5; 0078 IAF, Tab 27 at 4-5.  The appellant filed a motion to strike due to this alleged violation of his privacy below because the agency was "displaying, exposing, publishing and distributing his CSA number" by including it in the agency file.  0078 IAF, Tab 27 at 4-5 (emphasis omitted).  Without providing an explanation, the administrative judge denied this motion in the initial decision. 0078 ID at 4 n.2.  We decline to disturb this ruling.

¶15    An administrative judge has broad discretion to regulate the proceedings before him, including the ability to rule on motions to strike.  *Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015). We discern no basis to find that the administrative judge abused his discretion. The appellant's motion was without basis, as the parties' pleadings generally are not available to the public for inspection and copying, other than as provided for under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.  5 C.F.R. § 1201.53(e).

¶16    To the extent that the appellant is arguing that OPM violated his rights under the Privacy Act, the Board lacks jurisdiction to adjudicate Privacy Act claims.   0078 PFR File, Tab 2 at 4-5; s*ee Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶ 40 (2010) (explaining that the Board lacks jurisdiction to adjudicate Privacy Act claims except where the Act is implicated in matters over which the Board has jurisdiction).  Thus, the appellant's argument that the agency was "displaying, exposing, publishing and distributing" his private information to the public is unavailing.  0078 PFR File, Tab 27 at 4-5.  Therefore, we find that

the administrative judge did not abuse his discretion in denying the appellant's motion to strike.

¶17     The appellant also asserts that he was denied due process because the agency "did not present the entire agency file, and did not present all the information that it relied upon." 0078 PFR File, Tab 1 at 4. He further alleges that the administrative judge erred when he prevented the production of this documentation. 0078 PFR File, Tab 2 at 4. A review of the record below shows that the agency submitted its agency file as requested by the administrative judge. 0078 IAF, Tabs 17, 19. The appellant does not provide any evidence or argument as to what documents he believes are missing from the agency file submitted by OPM. Nor does he explain how the administrative judge prevented the production of the agency file or prevented the appellant from reviewing it. Thus, even assuming that the agency failed to provide "the entire agency file," the appellant has not shown how any error impacted his appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶18     The appellant also argues that the administrative judge erred in denying his motion to compel. 0078 PFR File, Tab 1 at 4-5, Tab 2 at 4; 0078 IAF, Tab 31.[3] The administrative judge denied the appellant's motion to compel discovery because, in light of the dismissal of the appeal for lack of jurisdiction, the information sought by the appellant was not relevant to the jurisdictional issue. 0078 ID at 4 n.2. The appellant has failed to show how the requested information and documents would have affected the administrative judge's finding that he failed to make a nonfrivolous claim of the Board's jurisdiction. For example, the

---

[3] In support of his argument, the appellant resubmits his December 3, 2018 request for discovery, which is already part of the record below and thus is not new. *Compare* 0078 PFR File, Tab 1 at 6-8, *with* 0078 IAF, Tab 31 at 7-9; s*ee Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already a part of the record is not new). Therefore, we have not addressed it.

appellant did not seek information or documentation related to a final decision issued by OPM in an effort to establish Board jurisdiction.  0078 IAF, Tab 31 at 7-9.  Further, the determination of whether an appellant has been issued a final decision by OPM would consist of documentation that should already be in the appellant's possession.  Consequently, the appellant has failed to establish that he was prejudiced by the administrative judge denying his motion to compel.[4]  *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (finding that, when an appeal is dismissed for lack of jurisdiction, there is no prejudice to an appellant's substantive rights based on the absence of discovery that did not seek information that would establish the Board's jurisdiction); *see* 5 C.F.R. § 1201.41(b)(4) (recognizing an administrative judge's authority to rule on discovery motions).

¶19      In sum, for the reasons discussed above, we affirm the initial decision in the 0078 appeal, which dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[4] To the extent that the appellant disputes the administrative judge's finding that the Board lacks jurisdiction over his unspecified retaliation claims, we discern no basis to disturb that finding.  0078 PFR File, Tab 1 at 4; 0078 ID at 3-4.  Prohibited personnel practices are not an independent source of Board jurisdiction.  *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
_____

                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.