## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMELA N. ADAMS,
      Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
DC-0752-23-0426-I-1

DATE: January 19, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

Amanda Stevens, Richmond, Virginia, for the appellant.

Michael J.A. Klein, Esquire, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of Board jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    On April 20, 2023, the appellant, a former GS-11 Respiratory Therapist, filed an initial appeal with the Board, indicating that she was appealing her involuntary resignation and demotion from Lead Respiratory Therapist.  Initial Appeal File (IAF), Tab 1 at 4.  She filed her appeal via facsimile and, at that time, her designated representative did not register to be an e-filer.  *Id.* at 7.

¶3    The administrative judge issued an order to show cause, notifying the appellant of her burden of proof to establish jurisdiction over her constructive resignation claim; however, the order did not notify her of her burden to establish a constructive demotion.  IAF, Tab 3 at 1-3.  According to the certificate of service, the appellant was served a copy of the order via U.S. Mail and her representative was served via electronic mail.  *Id.* at 5.  Neither party responded to the order to show cause.  Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 1 at 2, Tab 5, Initial Decision (ID) at 1, 7.

¶4    The appellant has filed a petition for review of the initial decision.[2]  Petition for Review (PFR) File, Tab 1.  On review, the appellant's representative alleges that neither she nor the appellant received the administrative judge's order to show cause because they were not registered as e-filers.  *Id.* at 6; PFR File, Tab 4 at 5.  She also submits information and documentation regarding the merits of the appellant's involuntary resignation and constructive demotion claims.  PFR File, Tab 4 at 6-7.  The agency has responded to the petition for review and the appellant has replied.  PFR File, Tabs 3-4.

---

[2] On review, the appellant filed a new appeal via e-Appeal Online and registered as an e-filer.  PFR File, Tab 1 at 2.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5    On review, the appellant alleges that neither she nor her representative received the administrative judge's order to show cause because her representative was improperly served via e-Appeal, despite not being registered as an e-filer.  PFR File, Tab 1 at 6, Tab 4 at 5.  Electronic service of the Board's issuances is only appropriate for properly registered e-filers who affirmatively consent to electronic service.  *See* 5 C.F.R. § 1201.14(e)(1)-(2) (noting that registration as an e-filer constitutes consent to accept electronic service and that the exclusive means for registering as an e-filer is to do so through e-Appeal Online), (j)(1) (identifying that paper copies of Board issuances are not ordinarily served on registered e-filers), (j)(3) (noting that registered e-filers are responsible for monitoring case activity in the e-Appeal Online Repository to ensure that they have received all case-related documents).  The record below does not contain the representative's affirmative consent to accept electronic service; therefore, the administrative judge's order to show cause was improperly served on the appellant's representative electronically.  IAF, Tab 1 at 7, Tab 3 at 5.  Accordingly, because the issue of jurisdiction is always before the Board and may be raised at any time during a Board proceeding, we will consider the appellant's newly raised evidence and arguments on review.  *Poole v. Department of the Army,* 117 M.S.P.R. 516, ¶ 9 (2012) (finding that the issue of jurisdiction is always before the Board and may be raised at any time during a Board proceeding).

The appellant has alleged facts that, if true, could establish that she was subjected to a constructive demotion.

¶6    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board,* 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant is entitled to a jurisdictional hearing only if she makes a nonfrivolous allegation of Board jurisdiction.  *Francis v. Department of the Air Force,* 120 M.S.P.R. 138, ¶ 14

(2013). A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Id.*; 5 C.F.R. § 1201.4(s).

¶7 On review, the appellant alleges for the first time that she was subjected to a constructive demotion because the agency reassigned her to a "lesser position," and then the agency converted her former position to a higher grade. PFR File, Tab 4 at 6-7. As mentioned above, although the appellant generally alleged below that she was demoted and required to work in a higher-graded position without compensation, the administrative judge did not give the appellant notice of the standard for establishing jurisdiction over a constructive demotion claim, nor did he address a constructive demotion claim in his initial decision. IAF, Tab 1 at 4; ID at 5. Therefore, we consider the appellant's evidence and arguments and find that the appellant has nonfrivolously alleged facts that, if proven, could establish that the Board has jurisdiction over her constructive demotion claim.

¶8 In support of her involuntary resignation and constructive demotion claim, the appellant, through her representative, certifies the following on review. In March 2021, her agency underwent a reorganization. PFR File, Tab 4 at 6. Prior to the reorganization, she was a GS-9 Lead Respiratory Therapist and alleges that "typically non-lead Respiratory Therapists [were] at the GS-8 level." *Id.* On March 14, 2021, the agency "initiated a national promotion event that was supposed to convert all the Respiratory Therapists to the GS[-]11 level, and all Lead Respiratory Therapists to the GS-12 level." PFR File, Tab 4 at 6. From March 14, 2021, through February 8, 2023, she claims she was "reassigned" to a GS-11 Respiratory Therapist position because she was "coded" as a GS-11 Respiratory Therapist, instead of a GS-12, even though she continued to perform the duties of a Lead Respiratory Therapist. *Id.* at 6-7. On May 31, 2022, the Chief of Service told the appellant that "the Leads . . . positions have to be re-announced" and "those who are already in these positions will have to

re-apply." *Id.* at 7, 9. The appellant further alleges that on unspecified dates she reapplied for the Lead Respiratory Therapist position, was not selected, suffered a loss in pay and a hostile work environment, and eventually resigned. *Id.* at 7; IAF, Tab 1 at 4, 6.

¶9    A reassignment without loss of grade or pay is not appealable to the Board. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001). A narrow exception exists when an employee is deemed to have suffered a constructive demotion and she is assigned from a position which, due to issuance of a new classification standard or correction of a classification error, was worth a higher grade, the employee met the legal and qualification requirements for promotion to the higher grade, and she was permanently reassigned to a position classified at a grade level lower than the grade level to which she would otherwise have been promoted. *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981). In *Russell*, the appellant was reassigned from the position of GS-11, Supervisory Employee Development Specialist to a GS-11, Employee Development Specialist. *Russell*, 6 M.S.P.R. 698, 700. Five months later, the agency established a GS-12 Supervisor Employee Development Specialist position, for which the appellant was not selected. *Id.* at 701. The appellant alleged that the GS-11, Supervisory Employee Development Specialist he held prior to his reassignment and the GS-12 position were identical and that he was constructively reduced in grade because the original GS-11 position he held should have been classified at GS-12. *Id.* Similarly, here the appellant has nonfrivolously alleged that her Lead position was reclassified upward to a GS-12, she is entitled to a noncompetitive promotion to the higher-graded GS-12 Lead position because she successfully performed Lead duties and allegedly continued to perform Lead duties even after the reorganization, and she was reassigned to the GS-11 position at a grade level lower than the GS-12 grade level to which she would otherwise have been promoted. Thus, we find that the Board may exercise jurisdiction over her constructive demotion claim. *See Marcheggiani*, 90 M.S.P.R. 212, ¶¶ 8-9 (stating

that the Board may exercise its jurisdiction in a constructive demotion appeal only when a position actually has been reclassified upward and the employee claims entitlement to a noncompetitive promotion to the higher-graded position); *Burrell v. Environmental Protection Agency*, 81 M.S.P.R. 427, ¶ 17 (1999) (finding that an employee raised a nonfrivolous allegation of constructive demotion when he asserted that his GM-13 position was upgraded to GS-14, without a significant change in duties or responsibilities, at the time he was reassigned to another position).

<u>We decline to disturb the administrative judge's finding that the appellant failed to nonfrivolously allege jurisdiction over her involuntary resignation claim.</u>

¶10    On review, the appellant generally challenges the administrative judge's finding that the appellant failed to establish jurisdiction over her involuntary resignation claim. PFR File, Tab 1 at 5; ID at 5-7. As mentioned above, she claims that she did not receive the administrative judge's order to show cause, which gave her notice of her jurisdictional burden with respect to her involuntary resignation claim. PFR File, Tab 1 at 6. However, the appellant received the administrative judge's initial decision, which also contained this notice. ID at 3-5; *see Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶¶ 7-8 (2007) (stating that an administrative judge's failure to provide an appellant with specific notice of his jurisdictional burden can be cured if the agency's pleadings or the initial decision contain the required notice). Even after considering the appellant's submissions on review, we discern no basis to disturb the administrative judge's finding that the appellant failed to establish jurisdiction over her involuntary resignation claim.

¶11    A resignation is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). An appellant claiming that her resignation is

involuntary is entitled to a hearing on jurisdiction only if she makes nonfrivolous allegations casting doubt on the presumption of voluntariness. *Id.,* ¶ 10. The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.* Intolerable working conditions may render an action involuntary if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the employee's position would have felt compelled to resign. *Searcy*, 114 M.S.P.R. 281, ¶ 12; *see Middleton v. Department of Defense*, 185 F.3d 1374, 1379 (Fed. Cir. 1999) (explaining that a determination as to whether an employee's resignation was coerced is based on an objective test). The Board will consider claims of discrimination and harassment only insofar as those allegations relate to the issue of voluntariness. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10, *aff'd per curiam*, 469 F. App'x 852 (Fed. Cir. 2011).

¶12      Other than alleging that the agency constructively demoted her and subjected her to a "hostile" environment, the appellant does not allege facts that would show that her work conditions were so intolerable that she had no choice but to resign. PFR File, Tab 1 at 17. Even if we accept as true the appellant's allegations that she was improperly reassigned to a GS-11 position and that the agency continued to "have [her] working at a higher graded duty without compensation," such an allegation is insufficient to establish that her resignation was involuntary. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Miller v. Department of Defense,* 85 M.S.P.R. 310, 322 (2000). Moreover, though the appellant alleges that she served in her reassignment for almost 2 years, she did not allege that she attempted to exhaust any remedial avenues prior to resigning. Because she could have remained in her position and contested the validity of the agency's actions

but chose not to, we agree with the administrative judge that she has failed to nonfrivolously allege that her resignation was involuntary. *See Brown,* 115 M.S.P.R. 609, ¶ 15; *cf. Heining v. General Services Administration*, 68 M.S.P.R. 513, 523 (1995) (finding an involuntary resignation after the appellant offered overwhelming evidence supporting an intolerable working environment and did not resign until she pursued many grievances and two complaints, receiving an adverse decision on her grievances just prior to her resignation). Thus, we decline to disturb the administrative judge's finding that the appellant failed to establish jurisdiction over her involuntary resignation claim.

## ORDER

¶13     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall permit the parties to conduct discovery and submit additional evidence and argument and shall afford the appellant a jurisdictional hearing on the appellant's claim of a constructive demotion. If the administrative judge finds that the Board has jurisdiction over that claim, he shall adjudicate the merits of that claim. In his remand initial decision, the administrative judge may adopt his prior finding that the appellant failed to establish jurisdiction over her involuntary resignation claim.

*Jennifer Everling*

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.