UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

DAVID RAMIREZ,
                    Appellant,

        v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
DC-0752-22-0154-I-1

DATE: April 18, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Ramirez, Lexington, Kentucky, pro se.

Nathan Pasay, Esquire, Norfolk, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

Effective August 28, 2018, the appellant resigned from his position as a CY-2 Education Technician in the agency's Child Development Center. Initial Appeal File (IAF), Tab 1 at 7. Over 3 years later, the appellant filed a Board appeal, alleging, among other things, that he resigned due to "the stress and harassment of the workplace," and that, despite his many appeals, the agency continued to bar him from accessing military facilities. *Id*. at 5. The administrative judge issued an acknowledgment order informing the appellant of the applicable jurisdictional standard for involuntary resignation claims. IAF, Tab 4 at 2-5. The administrative judge also issued a supplemental show cause order, providing the appellant with an opportunity to respond to the agency's allegation that the Board did not have jurisdiction over his appeal because, as a non-appropriated fund employee, he did not meet the definition of an employee under chapter 75.[2] IAF, Tab 11 at 1-2, 4-5. The appellant did not respond to the administrative judge's show cause order.

Subsequently, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that his resignation was involuntary, or that he met the definition of an employee under chapter 75. IAF, Tab 12, Initial Decision (ID) at 4-8. The initial decision was mailed to the appellant on February 24, 2022, and stated that the deadline to file a petition for review was March 31, 2022. ID at 8; IAF, Tab 13. However, on March 28, 2022, the appellant's copy of the initial decision was returned to the Board as undeliverable. IAF, Tab 14. On May 26, 2022, the appellant registered as an e-filer, and therefore was able to access e-Appeal, and thus, the initial decision. IAF, Tab 15.

[2] The administrative judge also notified the appellant that his appeal appeared to be untimely filed, set forth the applicable standard for establishing timeliness, and ordered the appellant to present evidence or argument establishing that his appeal was timely filed, or there was good cause for the filing delay. IAF, Tab 11 at 2-5. However, because the administrative judge dismissed the appeal for lack of jurisdiction, she made no findings on timeliness. IAF, Tab 12, Initial Decision at 2, n.3.

The appellant filed his petition for review on August 24, 2022, attaching, among other things, documents that he received as part of a Freedom of Information Act request, as well as a copy of his medical records. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board issued an acknowledgment letter, notifying the appellant that his petition for review was untimely filed, and explaining that the Board's regulations require that an untimely petition for review be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause. PFR File, Tab 2 at 1-2. The appellant did not respond to the acknowledgment letter, and the agency did not file a response to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The appellant bears the burden of proof with regard to timeliness, which he must establish by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(B); *McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007) (stating that the appellant bears the burden of proof with regards to timeliness, which he must establish by preponderant evidence).

The appellant has produced no evidence establishing that he timely filed his petition for review. The initial decision was sent to the appellant at his address of record, and there is no evidence that the appellant attempted to change or update his address. IAF, Tab 1 at 1, Tab 13. There is also no evidence that the regional office used the incorrect method of service, as the appellant initially declined to register as an e-filer. IAF, Tab 1 at 2. Nevertheless, assuming that the appellant did not receive the initial decision until May 26, 2022, when he registered as an e-filer, his petition for review was still untimely filed. Pursuant to 5 C.F.R.

§ 1201.114(e), the appellant had to file his petition for review within 30 days of May 26, 2022, i.e., no later than June 27, 2022.[3] The appellant filed his petition for review on August 24, 2022, approximately 2 months later. PFR File, Tab 1. Thus, the appellant's petition for review was untimely filed.

The Board will waive a petition for review time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

The appellant has not established good cause for the filing delay. The appellant filed his petition for review approximately 2 months late. Such a filing delay is significant. *See Madonti v. Department of the Army*, 97 M.S.P.R. 660, ¶ 8 (2004) (finding that a nearly 2-month delay in filing a petition for review was not minimal); *Winfrey v. National Archives & Records Administration*, 88 M.S.P.R. 403, ¶ 6 (2001) (finding that a 48-day delay was not minimal). We recognize that the appellant is pro se, but nevertheless he has failed to offer a persuasive excuse, show that he acted with diligence, or set forth circumstances beyond his control that affected his ability to comply with the filing limit. In

---

[3] Thirty days from May 26, 2022, was Saturday, June 25, 2022. Thus, pursuant to 5 C.F.R. § 1201.23, the appellant's deadline to file a petition for review was Monday, June 27, 2022.

fact, the appellant failed to address the issue of timeliness in his petition for review, focusing instead on the merits of his appeal. PFR File, Tab 1 at 3-4. He also failed to file a motion to accept his petition for review as timely and/or to waive the time limit for good cause, despite being directed by the Office of the Clerk of the Board to do so. PFR File, Tab 2 at 1-2. Furthermore, although the appellant attached medical records to his petition for review, nothing within those records establishes that the appellant was hospitalized or otherwise medically incapacitated and unable to file a petition for review.[4] PFR File, Tab 1 at 5-8, 46-2191. Thus, we do not find that the appellant has established good cause for the filing delay.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the involuntary resignation appeal.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

[4] The Office of the Clerk of the Board notified the appellant of the elements necessary to establish that an untimely filing was the result of an illness. PFR File, Tab 2 at 7, n.1.

[5] To the extent that the appellant intended to appeal the agency's decision to bar him from military facilities, as correctly noted by the administrative judge, ID at 2, n.2, the decision to bar individuals from military facilities or installations is not within the Board's jurisdiction, *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (stating that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.